Honorable Franklin D. Burgess

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| BECKSON MARINE, INC., a Connecticut corporation; CAROLE A. BECKERER, ELOISE BRADY and JOAN A. JONES, Custodians,<br><br>Plaintiffs,<br><br>v.<br><br>NFM, INC., a Washington corporation,<br><br>Defendant. | Cause No. 3:98-cv-05531 FDB<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY** |

**STIPULATION GOVERNING CONFIDENTIALITY**

The parties hereto, through their undersigned counsel of record, hereby stipulate and agree that this case concerns intellectual property, and discovery will involve disclosure of proprietary and trade secret information, and the subjoined Order Governing Confidentiality may be entered by the Court.

STIPULATED PROTECTIVE ORDER
Cause No. C98-5531-FDB
Page 1 of 1

**STRATTON BALLEW** PLLC
18850 – 103RD AVENUE SW, SUITE 102
VASHON ISLAND, WASHINGTON 98070
TEL: (206) 682-1496 • FAX: (206) 260-3816

1  Dated: December 21, 2005

2

3  Patrick M. Dwyer P.C.                              STRATTON BALLEW PLLC

4  By: s/Patrick Michael Dwyer                        By: s/Rex Stratton
      Patrick Michael Dwyer, WSBA No. 17497               Rex B. Stratton, WSBA No. 1913
5  Attorney for Defendant                             Attorneys for Plaintiffs

6

7                                                     Allen D. Brufsky, Esq.
                                                      CHRISTOPHER & WEISBERG, P.A.
8                                                     200 E. Las Olas Blvd. Suite 2040
                                                      Ft. Lauderdale, FL 33301
                                                      Tel: 954-828-1488
9                                                     Fax: 954-828-9122
                                                      E-mail abrufs@aol.com or abrufsky@cwcip.com

10

11                        **ORDER GOVERNING CONFIDENTIALITY**

12     This case having been designated by one or more of the parties as a matter involving

13  intellectual property and will require, during discovery the disclosure of proprietary or trade

14  secret information, and it appearing to the Court that such designation should be approved, it is

15  accordingly ORDERED:

16     1.     **Confidential Information.**  Any document produced by any party herein to any

17  other party herein may be designated as confidential within the meaning of this order by

18  stamping the word "CONFIDENTIAL" upon the face of such documents.  Other information

19  provided through discovery may be similarly designated as "CONFIDENTIAL".  Any document

20  designated "CONFIDENTIAL", and all information contained in the document (collectively

21  *Confidential Information*), shall not be utilized by any opposing party, or the party's agents or

22  employees, except as permitted by the terms of this Order.

23

24

2.     **Deposition and Other Testimony.**  Deposition and other testimony may be designated "CONFIDENTIAL" at the time the testimony is taken.  Within thirty (30) days of receipt of the transcript, by a written notice to all other parties, the party must identify the specific pages of the transcript it chooses to be designated "CONFIDENTIAL".  From the time of the deposition until thirty (30) days after receipt of the transcript, the entire deposition will be treated as Confidential Information.  Thereafter, only the designated pages will continue to be confidential.

3.     **Identification of Persons.**  Confidential Information shall not be disclosed to any person other than: (1) inside and outside counsel for any party to this proceeding, including necessary paralegal, secretarial and clerical personnel assisting counsel; (2) the principal parties; (3) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel (e.g., court reporters); (4) trial or deposition witnesses employed or retained by any party producing the Confidential Information; (5) *bona fide* experts (and their employees) employed or retained with respect to this action by any party or their counsel; and (6) this Court.  Confidential Information received by any person in the above-numbered categories shall be used only for purposes of this litigation and for no other purpose.

4.     **Confidential Information Counsel Only.**  To protect against the unnecessary disclosure of particularly sensitive information, any party may also designate in writing portions of Confidential Information as Confidential Information Counsel Only (***Confidential Information Counsel Only***).  Confidential Information Counsel Only material may not be disclosed to any person other than counsel without either obtaining the consent of the party which produced such material, or after compliance with the procedures set forth in Paragraph 5, *Decertification*, regarding objections to confidentiality designations.

STIPULATED PROTECTIVE ORDER
Cause No. C98-5531-FDB
Page 3 of 3

**STRATTON BALLEW** PLLC
18850 – 103RD AVENUE SW, SUITE 102
VASHON ISLAND, WASHINGTON 98070
TEL: (206) 682-1496 • FAX: (206) 260-3816

5. **Decertification.** Nothing in this Protective Order shall prevent a receiving party from contending that any or all Confidential Information is not confidential. Any receiving party may, at any time, request the producing party to cancel the Confidential Information designation with respect to any document, object and/or information, and to agree that thereafter such document, object and/or information is to be no longer subject to the provisions of this Order. Such requests shall be written, shall be served on counsel for the producing party and shall particularly identify the Confidential Information which the receiving party contends is not confidential and the reasons supporting its contentions. The request to cancel the Confidential Information designation will not become effective until thirty (30) days after the request is served on the producing party unless the producing party moves for a further Protective Order. If a motion for a further Protective Order is served within the thirty (30)-day period, the document or information which confidentiality is in dispute shall remain subject to this Protective Order until the motion is considered by the Court.

6. **Nonacquiescence.** A failure of a receiving party to challenge a claim of confidentiality shall not constitute acquiescence to such claim if a question of compliance with this Order is subsequently raised.

7. **Confidentiality Agreement.** All employees, consultants, witnesses, or their employees who, in the course of this case, see or hear of any documents produced in the litigation, or any other matters containing Confidential Information or who have access to any such documents or matters, shall be required to sign a confidential agreement in the following form:

> I, _____, have read a copy of the Protective Order Governing Confidentiality entered in this case. I recognize that during my participation in the handling and

STIPULATED PROTECTIVE ORDER
Cause No. C98-5531-FDB
Page 4 of 4

STRATTON BALLEW PLLC
18850 – 103RD AVENUE SW, SUITE 102
VASHON ISLAND, WASHINGTON 98070
TEL: (206) 682-1496 • FAX: (206) 260-3816

development of this case I may have occasion to read or hear of documents produced in this litigation, or matters which are designated "CONFIDENTIAL". I agree to use any such documents and matters solely in connection with my participation in this case and for no other purpose. I agree to abide by said Protective Order Governing Confidentiality in every respect.

_____
Signature

_____
Date

Counsel for each party shall collect the signed confidentiality agreements and retain them until the conclusion of the case, at which time copies shall be sent to all parties.

    8.    **Other Persons.** If this Court, for any reason, orders that Confidential Information shall be made available to persons not described in Paragraph 3 above, the Confidential Information shall be accessible or disseminated to those persons subject to this Protective Order, and they shall be considered subject to it.

    9.    **Unauthorized Disclosure.** If Confidential Information is disclosed to any person other than in a manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of counsel for each party and the Court, and without prejudice to other rights and remedies of any party may have under this Protective Order or generally, the person responsible for the unauthorized disclosure shall make every effort to prevent any further disclosure of the Confidential Information by the person who was the recipient of such information.

    10.    **Sealed Documents.** If any document containing Confidential Information produced in this litigation is introduced as an exhibit in this case prior to trial, or otherwise placed among the court papers in this case where it may become of public record, the document

STIPULATED PROTECTIVE ORDER
Cause No. C98-5531-FDB
Page 5 of 5

**STRATTON BALLEW** PLLC
18850 – 103RD AVENUE SW, SUITE 102
VASHON ISLAND, WASHINGTON 98070
TEL: (206) 682-1496 • FAX: (206) 260-3816

shall be filed in a sealed envelope or container, marked with the caption of this case, and a notice substantially as follows:

CONFIDENTIAL

This envelope or container holds Confidential Information as is filed under seal pursuant to the Protective Order and is not to be opened except by direction of the Court or by written consent of [name of party designating the information as Confidential].

At trial, exhibits containing Confidential Information, at the request of the producing party and with the permission of the Court, shall be filed under seal.

11.  **Derivative Papers.**  This Protective Order shall apply to all pleadings, discovery papers, briefs, summaries, notes, abstracts, or other documents, including memoranda or work product prepared by counsel, their staff, or authorized outside consultants or experts which comprise, embody, summarize, discuss, or quote from any documents produced in the litigation, or deposition testimony transcripts or any other material which is designated "CONFIDENTIAL".

12.  **Reproduction and Copying.**  Confidential Information shall not be copied or reproduced except to the extent that copying or reproduction is reasonably necessary for the conduct of this lawsuit, and all such copies or reproductions shall be marked as "CONFIDENTIAL" and subject to the terms of this Protective Order.

13.  **Admissibility.**  Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issues of the status of "CONFIDENTIAL" documents.

Entry of this Protective Order is without prejudice to any party seeking an Order from this Court imposing further restrictions on the dissemination of highly confidential documents, or

STIPULATED PROTECTIVE ORDER
Cause No. C98-5531-FDB
Page 6 of 6

**STRATTON BALLEW** PLLC
18850 – 103RD AVENUE SW, SUITE 102
VASHON ISLAND, WASHINGTON 98070
TEL: (206) 682-1496 • FAX: (206) 260-3816

1  seeking to rescind, modify, alter or amend this Protective Order with respect to specific
2  documents.

3  14. **Disposition Upon Completion.** After this case is finally completed, including
4  the exhaustion of all appeals, documents designated "CONFIDENTIAL", and all other matters
5  so designated, shall either: (a) be returned to the producing party; or, (b) at the written direction
6  of the producing party, be destroyed, and the party authorized to destroy the documents shall
7  provide a certificate to the producing party attesting to the destruction of the documents.

8  15. **Public Knowledge.** Notwithstanding the designation "CONFIDENTIAL", any
9  documents or testimony, shall not be confidential if:

10     (i) the information at the time of disclosure is in the public domain by
11         publication or otherwise;

12     (ii) the information, at any time, through no act or failure to act on the
13         part of the recipient party, becomes part of the public domain by
14         publication or otherwise;

15     (iii) the information is already in the possession of any other party at
16         the time of disclosure by the producing party and was not acquired
17         directly or indirectly from the disclosing party; or

18     (iv) the information is made available to any party by a third party who
19         obtained the information by legal means and without any
20         obligation of confidence to the party claiming its confidential
21         nature.

22  16. **Notice to Others.** The Clerk is ordered to show a copy of this Protective Order to
23  anyone desiring access to any of the court papers of this action. The parties and their attorneys
24

STIPULATED PROTECTIVE ORDER
Cause No. C98-5531-FDB
Page 7 of 7

**STRATTON BALLEW** PLLC
18850 – 103RD AVENUE SW, SUITE 102
VASHON ISLAND, WASHINGTON 98070
TEL: (206) 682-1496 • FAX: (206) 260-3816

1  shall inform all witnesses, consultants, employees, agents, court reporters, or anyone else who
2  may from time to time have access to any Confidential Information of the substance of this
3  Protective Order.

4      17.  **Nonparty Request.**  In the event that any person who is in receipt of another
5  party's Confidential Information receives a written request, subpoena, or court order seeking
6  disclosure of the other party's Confidential Information, such person shall immediately notify
7  counsel for the party whose Confidential Information is sought of the request, subpoena, or court
8  order and provide counsel with a copy of the same.

9      18.  **Survival.**  The obligations and duties arising under this Protective Order shall
10 survive the termination of this action.  This Court shall retain jurisdiction over the parties to
11 resolve any dispute respecting the improper use of Confidential Information disclosed under
12 terms of this Protective Order.

13     19.  **Nonparty Production.**  If any document, information and/or deposition
14 testimony is obtained from a person or entity not a party to this litigation, such person or entity
15 shall have the same right to designate any document or deposition testimony as
16 "CONFIDENTIAL" as a party would have, and any document or deposition testimony so
17 designated shall be governed in all respects by this Protective Order, PROVIDED that the
18 nonparty likewise agrees to be bound by the terms of this Protective Order.  The terms "party"
19 and "parties" shall be deemed to include nonparties to the extent necessary or appropriate to
20 implement the terms of this paragraph.

21     20.  **Party's Own Use.**  Nothing in this Protective Order shall prevent a party from
22 using or disclosing its own documents or information in any manner, and entry of this Protective

STIPULATED PROTECTIVE ORDER  
Cause No. C98-5531-FDB  
Page 8 of 8

**S**TRATTON **B**ALLEW PLLC  
18850 – 103RD AVENUE SW, SUITE 102  
VASHON ISLAND, WASHINGTON 98070  
TEL: (206) 682-1496 • FAX: (206) 260-3816

1  Order shall not preclude the parties from mutually agreeing to the use or disclosure of

2  Confidential Information other than as permitted by this Order.

3      21. **Right to Question.** The parties shall use reasonable care to avoid designating any

4  document or information as "CONFIDENTIAL" which has been published or can otherwise be

5  shown to be in the public domain. This Protective Order is entered without prejudice to the right

6  of any party to bring before the Court by motion the question of whether any particular

7  information is or is not confidential. The person or party asserting confidentiality shall have the

8  burden of establishing the same and the degree of protection required.

9      Dated this 21st day of December 2005.

10

11

12                                FRANKLIN D. BURGESS
                              UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

STIPULATED PROTECTIVE ORDER
Cause No. C98-5531-FDB
Page 9 of 9

**STRATTON BALLEW** PLLC
18850 – 103RD AVENUE SW, SUITE 102
VASHON ISLAND, WASHINGTON 98070
TEL: (206) 682-1496 • FAX: (206) 260-3816

# CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick Michael Dwyer and Ryan E. Dodge, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

s/Rex B. Stratton
Rex B. Stratton, WSBA No. 1913
STRATTON BALLEW PLLC
18850-103rd Avenue S.W. Suite 102
Seattle, WA  98070
Phone:          206-682-1496
Facsimile       206-260-3816
stratton@strattonballew.com

STIPULATED PROTECTIVE ORDER
Cause No. C98-5531-FDB
Page 10 of 10

STRATTON BALLEW PLLC
18850 – 103RD AVENUE SW, SUITE 102
VASHON ISLAND, WASHINGTON 98070
TEL:  (206) 682-1496 • FAX:  (206) 260-3816