1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

BECKSON MARINE, INC., a Connecticut
corporation; CAROLE A. BECKERER,
ELOISE BRADY and JOAN A. JONES,
Custodians,

              Plaintiffs,

      v.

NFM, INC., a Washington corporation,

          Defendant.

Case No. C98 5531 FDB

ORDER ON SUMMARY JUDGMENT
FOR DAMAGES

17

18

19

20

21

22

     This matter comes before the Court on Plaintiffs' motion for summary judgment on damages.
The Court, having reviewed all materials submitted by the parties and relied upon for authority, is
fully informed and hereby finds Plaintiffs are entitled to summary judgement on the award of
damages, together with prejudgment and postjudgment interest. Plaintiff has not established
entitlement to an award of enhanced damages or attorney fees.

23

**INTRODUCTION AND BACKGROUND**

24

25

     This patent infringement claim has been remanded to this Court by the Federal Circuit Court
of Appeals for a determination of damages. The Plaintiff Beckson Marine and the infringer,

26

ORDER - 1

1   Defendant NFM, INC., were the two sole market suppliers of the patented '350 portlights.

2   Defendant's infringing sales began in 1995 and lasted through the life of the '350 patent.  The

3   infringer's sales of the '350 portlights during this period totaled $786,280.16.  NFM's cost equaled

4   50% of the sales price, leaving a profit margin of 50% of sales, $393,140.06.  Beckson Marine's

5   profit margins were substantially the same as those reported by the infringer and Beckson's sales

6   remained steady during the infringement.

7        NFM continues to argue that it did not infringe on the '350 patent.  NFM nonetheless states

8   that its total profit from 1995 through 1998 was $45,598.

9                               **STANDARDS FOR SUMMARY JUDGMENT**

10       The purpose of summary judgment is to identify and dispose of factually unsupported claims

11  and defenses.  See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  On a motion for summary

12  judgment, the court is constrained to draw all inferences from the admissible evidence in the light

13  most favorable to the non-moving party.  <u>Addisu v. Fred Meyer, Inc</u>., 198 F.3d 1130, 1134 (9th Cir.

14  2000).  Summary judgment is appropriate where there is no genuine issue of material fact and the

15  moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party

16  bears the initial burden to demonstrate the absence of a genuine issue of material fact.  <u>Celotex Corp.</u>

17  <u>v. Catrett</u>, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the opposing party

18  must show that there is a genuine issue of fact for trial.  <u>Matsushita Elect. Indus. Co. v. Zenith Radio</u>

19  <u>Corp</u>., 475 U.S. 574, 586-87 (1986).  A dispute as to a material fact is "genuine" if there is sufficient

20  evidence for a reasonable jury to return a verdict for the nonmoving party.  <u>Anderson v. Liberty</u>

21  <u>Lobby, Inc</u>., 477 U.S. 242, 248 (1986).  The opposing party must present significant and probative

22  evidence to support its claim or defense.  <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d

23  1551, 1558 (9th Cir. 1991).  Affidavits made on personal knowledge and setting forth facts as would

24  be admissible at trial are evidence that a court may consider when determining whether a material

25  issue of fact exists. Fed. R. Civ. P. 56(e).  Legal memoranda and oral argument are not evidence and

26  ORDER - 2

1   do not create issues of fact. See British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir.

2   1978).  Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of

3   material fact.  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); T.W. Elec.

4   Serv. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987).  The nonmoving party must

5   instead set forth "significant probative evidence" in support.  T.W. Elec. Serv., at 630.  Summary

6   judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an

7   element essential to his case when that party will ultimately bear the burden of proof at trial.

8   **LOST PROFITS AS APPROPRIATE DAMAGES**

9          The measure of damages for patent infringement is specified by statute.  35 U.S.C. § 284

10  provides in part that "[u]pon finding for the claimant the court shall award the claimant damages

11  adequate to compensate for the infringement but in no event less that a reasonable royalty for the use

12  made of the invention by the infringer, together with interest and costs as fixed by the court."  The

13  amount of a prevailing party's damages is a finding of fact on which the patent owner bears the

14  burden of proof by a preponderance of the evidence.  Hunter v. Aispuro, 976 F.2d 1558, 1577, (9th

15  Cir. 1992).  The measure of a patentee's monetary award is damages adequate to compensate him for

16  the infringement, that is, for the patentee's lost profits, but in no event less than a reasonable or

17  established royalty.  Armco, Inc. v. Republic Steel Corp., 707 F.2d 886, 891 (6th Cir. 1983).

18         To recover any damages under the lost profits approach the patent owner must prove two

19  things: (1) causation, that the patent owner would have made the sale of the product but for the

20  infringement; and (2) proper evidence of the computation on the loss of profits.  BIC Leisure

21  Products, Inc. v. Windsurfing Intern., Inc., 1 F.3d 1214, 1218 (Fed. Cir. 1993); King Instrument

22  Corp. v. Otari Corp., 767 F.2d 853, 863 (Fed. Cir. 1985).  The critical inquiry in determining

23  whether to award profits lost by the patent owner is whether the patent owner has shown a

24  reasonable probability that he would have made the infringing sales that the infringer made.  Bio-Rad

25  Laboratories, Inc. v. Nicolet Instrument Corp., 739 F.2d 604, 616 (Fed. Cir. 1984).  Lost profits

26  ORDER - 3

1    may be in the form of diverted sales.  <u>Lam, Inc. v. Johns-Manville Corp</u>., 718 F.2d 1056, 1064–65

2    (Fed. Cir. 1983).  Where the patent owner and the infringer were the only suppliers of the patented

3    product, it is reasonable to infer that the patent owner would have made the sales that were made by

4    the infringer.   <u>State Industries, Inc. v. Mor-Flo Industries, Inc</u>., 883 F.2d 1573 (Fed. Cir. 1989);

5    <u>Crucible, Inc. v. Stora Kopparbergs Bergslags AB</u>, 701 F. Supp. 1157, 1166 (W.D. Pa. 1988);

6    <u>Amstar Corp. v. Envirotech Corp</u>., 823 F.2d 1538, 1543 (Fed. Cir. 1987).

7      Beckson Marine has established a causal relationship between the infringement by NFM and

8    its loss of profits.  Beckson Marine and NFM were the sole suppliers of the patented product and it

9    is reasonable to infer that Beckson would have made the sales that were diverted to NFM by its

10    infringement of the patent.

11      The measure of lost profits is the difference between the patent owner's cost of production

12    and the price at which the patent owner would have sold the product.  A patent owner can compute

13    his lost profits directly, through his anticipated profit margin, or indirectly, through use of the

14    infringer's profit margin.  The infringer's profits may properly be considered, for comparison

15    purposes with the patent owner's proof of his lost profits, in estimating the patent owner's damages.

16    <u>Kori Corp. v. Wilco Marsh Buggies and Draglines, Inc</u>., 761 F.2d 649, 655 (Fed. Cir. 1985); <u>Ortloff</u>

17    <u>Corp. v. Gulsby Engineering, Inc</u>., 884 F.2d 1399 (Fed. Cir. 1989).  See also <u>Golight, Inc., v. Wal-</u>

18    <u>mart Stores, Inc</u>. 355 F.3d 1327, 1338 (Fed. Cir. 2004); <u>Rite-Hite Corp. V. Kelly Co.</u>, 56 Fed. Cir.

19    1995).

20      If actual damages in patent infringement action can not be ascertained with precision because

21    evidence available from infringer is inadequate, damages may be estimated on best available evidence,

22    taking cognizance of reason for inadequacy of proof and resolving doubt against infringer.  <u>Sensonics,</u>

23    <u>Inc. v. Aerosonic Corp</u>., 81 F.3d 1566, 1572 (Fed. Cir. 1996); <u>Lam, Inc. v. Johns-Manville Corp</u>.,

24    718 F.2d 1056, 1064–65 (Fed. Cir. 1983).

25      Beckson Marine has established that the proper measure of damages is the lost profits of

26    ORDER - 4

1   Beckson, which equates to the profits of the infringer.  Here, where the patentee can establish that he

2   would have made the sales of the patented products, but for the fact that the infringer made them, the

3   infringer's profits were properly looked at for comparison purposes with the patentee's proof of his

4   lost profits. See  Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc., 761 F.2d 649, 654 (Fed. Cir.

5   1985).  The NFM's sales of the '350 portlights during the life of the patent totaled $786,280.16.

6   NFM's profit margin was 50% of sales, or $393,140.06.  Beckson Marine's profit margins were

7   substantially the same as those reported NFM.  Therefore, a reasonable calculation of damages is

8   $393,140.06.

9                              **AWARD OF PREJUDGEMENT INTEREST**

10          The statutory provision governing damages provides: "[u]pon finding for the claimant the

11   court shall award the claimant damages ..., together with interest and costs as fixed by the court."

12   35 U.S.C. § 284.  Prejudgment interest should ordinarily be awarded.  In the typical case an award of

13   prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he

14   would have been in had the infringer entered into a reasonable royalty agreement.  An award of

15   interest from the time that the royalty payments would have been received merely serves to make the

16   patent owner whole, since his damages consist not only of the value of the royalty payments but also

17   of the foregone use of the money between the time of infringement and the date of the judgment.

18   General Motors Corp. v. Devex Corp., 461 U.S. 648, 655-56 (1983).  Prejudgment interest should be

19   awarded under § 284 absent some justification for withholding such an award.  Id.  Prejudgment

20   interest applies whether damages are based on lost profits or on a reasonable royalty.

21          Prejudgment interest runs from the date of infringement to the date of judgment.  Nickson

22   Industries, Inc. V. Rol Mfg. Co., Ltd., 847 F.2d 795, 800 (Fed. Cir. 1988).  Prejudgment interest

23   applies only to the primary or actual damages portion of an award and not to punitive or enhanced

24   damages.  Beatrice Foods Co. v. New England Printing and Lithographing Co., 923 F.2d 1576 (Fed.

25   Cir. 1991); Underwater Devices Inc. v. Morrison-Knudsen Co., Inc., 717 F.2d 1380, 1389–90 (Fed.

26   ORDER - 5

1  Cir. 1983).

2     The statutory rate or commercial prime rate is an appropriate prejudgment interest rate.  Lam,
3  Inc. v. Johns-Manville Corp., 718 F.2d 1056, 1066 (Fed. Cir. 1983).  The current prime rate of
4  interest is 7.5%.  Beckson's damage award of $393,140.06. is subject to a prejudgment interest rate
5  of 7.5% compounded annually.

6                              **EXEMPLARY DAMAGES**

7     Plaintiff Beckson Marine seeks an award of treble damages.  35 U.S.C. §284 provides that
8  "[w]hen the damages are not found by a jury, the court shall assess them. In either event the court
9  may increase the damages up to three times the amount found or assessed."  A patent owner is
10  entitled to enhanced damages, up to and including three times the actual damages, where the infringer
11  has knowingly, deliberately, intentionally, willfully, or wantonly infringed the patent.  American Safety
12  Table Co. v. Schreiber, 415 F.2d 373, 378 (2nd Cir. 1969).  Enhanced damages may be awarded only
13  as a penalty for an infringer's increased culpability, namely, willful infringement or bad faith.  Amsted
14  Industries Inc. v. Buckeye Steel Castings Co., 24 F.3d 178 (Fed. Cir. 1994).

15     Damages may not be enhanced beyond a patent owner's actual lost profits or a reasonable
16  royalty absent clear and convincing proof of willfulness and exceptionality.   A finding of willful
17  infringement authorizes, but does not mandate an award of enhanced damages.  State Industries, Inc.
18  v. Mor-Flo Industries, Inc., 948 F.2d 1573, 1576 (Fed. Cir. 1991); Modine Mfg. Co. v. Allen Group,
19  Inc., 917 F.2d 538, 542–43 (Fed. Cir. 1990).

20     A number of factors may be considered in determining whether to award enhanced damages.
21  These include (1) whether the infringement was willful or deliberate; (2) whether the infringer had a
22  good faith belief that the patent was invalid; and (3) the party's conduct of the litigation.  In re Hayes
23  Microcomputer Products, Inc. Patent Litigation, 982 F.2d 1527, 1543 (Fed. Cir. 1992); Amsted
24  Industries Inc. v. Buckeye Steel Castings Co., 24 F.3d 178 (Fed. Cir. 1994).  The paramount
25  determination in deciding to grant enhancement of damages and the amount thereof is the

26  ORDER - 6

1  egregiousness of the defendant's conduct, based on all the facts and circumstances.

2      The Court finds that there is a lack of clear and convincing proof of willfulness and/or bad

3  faith in NFM's infringement of the "350 patent.  Plaintiff is not entitled to enhanced damages.

4                                  **ATTORNEY FEES**

5      Plaintiff also seeks an award of attorney fees.  Generally, patent suits are governed by the

6  same rules which govern other federal litigation; each party bears its own expenses.  Refac Intern.,

7  Inc. v. IBM Corp., 710 F. Supp. 569 (D. N.J. 1989).  Thus a successful patent owner's expenses in

8  litigating an infringement action are not recoverable as general damages.  Union Carbide Corp. v.

9  Graver Tank & Mfg. Co., (7th Cir. 1960).  The narrow exception to the rule is found in 35 U.S.C.

10  §285, wherein it states: "The court in exceptional cases may award reasonable attorney's fees to the

11  prevailing party."  To warrant an award of fees under § 285, a case must be "exceptional."  Whether a

12  case is "exceptional" requires examination of the losing party's conduct during both pretrial and trial

13  stages of litigation.  Attorney fees will not be awarded under 35 U.S.C.A. § 285 except to prevent

14  gross injustice and where fraud and wrong-doing are clearly proved.  Maurice A. Garbell, Inc. v.

15  Boeing Co., 546 F.2d 297 (9th Cir. 1976).

16      The Court finds Plaintiff not entitled to an award of attorney fees.  The conduct of NFM in

17  defending this action does not amount to an exceptional case.

18                                   **CONCLUSION**

19      For the above stated reasons, Plaintiff is entitled to summary judgment on the remaining issue

20  of damages.

21      ACCORDINGLY,

22      IT IS ORDERED:

23      Plaintiff's Motion for Summary Judgment is granted, as follows:

24      (1)     Plaintiff is awarded $393,140.06. in damages for lost profits;

25      (2)     The award of $393,140.06 is subject to prejudgment interest of 7.5% compounded

26  ORDER - 7

annually;

(3)     Plaintiff's request for an enhanced award and attorney's fees is denied.


DATED this 27th day of March, 2007.


FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8